UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>        Petitioner,<br><br>vs.<br><br>AL RAMIREZ,[1]<br><br>        Respondent. | Case No. 1:19-cv-00215-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Bradley Wheeler filed a Petition for Writ of Habeas Corpus challenging his state court convictions and sentences. Dkt. 1. The Court now reviews the Petition to determine whether the claims are subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

### REVIEW OF PETITION

1. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

---

[1] Petitioner named the "state of Idaho" as respondent, but the state is not a proper respondent in a habeas corpus action. *See Smith v. Idaho*, 383 F.3d 934, 937 (9th Cir. 2004). A petitioner challenging his present physical confinement must name the warden of the facility where he resides as the respondent in the action. Failure to name a proper respondent deprives the Court of jurisdiction. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The Court has substituted the warden of the prison facility where Petitioner is being held.

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

2. **Background**

In a criminal action in the Fifth Judicial District Court in Canyon County, Idaho, Petitioner was convicted by jury of battery on a correctional officer and of being a persistent violator. He received no relief in his state court direct appeal. It appears that Petitioner has filed a state post-conviction action in state court, but it is unclear whether it is completed.

3. **Review of Claims**

Petitioner's first claim is that Deputy Regis, the victim in the criminal case, attacked Petitioner, not the other way around. Deputy Regis allegedly stole Petitioner's personal property at the same time. Petitioner asserts that an outside investigator should have been brought in to investigate. Petitioner has not stated a federal legal basis for this claim. Actual innocence is not a cognizable habeas corpus claim. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

Petitioner's second claim is that he was denied camera footage of Deputy Regis stealing his property. After Petitioner filed a motion in court for disclosure of the camera

footage, the prosecutor told the judge it no longer existed because it had been erased. A correctional officer told Petitioner that it was impossible to erase the camera footage. Again, Petitioner has not stated a federal claim with these factual allegations, or shown Property damage and personal injuries cannot be remedied in a federal habeas corpus matter—which is solely about wrongful custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973).

Petitioner's third claim is that the state district court denied multiple motions for mistrials in his case. Petitioner has not provided any facts or federal legal basis for this claim.

The fourth and final claim is that Petitioner told his attorney to poll the jury, but his attorney refused to do so. Petitioner alleges that several jurors told him while he was testifying that he was completely innocent and not to worry. Petitioner presumably brings this claim as a Sixth Amendment ineffective assistance of counsel claim.

Petitioner may proceed on his claims to the extent that he previously stated a federal claim on the same set of facts in his direct appeal and/or post-conviction case in the Idaho Supreme Court, and his claims are otherwise brought in a procedurally proper manner in this action (or if not, legal or equitable excuses apply to excuse the default of any of the claims). Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who shall provide relevant portions of the state court record to this Court.

### 4. Standards of Law for Habeas Corpus Action

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

#### *A. Exhaustion of State Court Remedies*

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the

petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. at 488. However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, Petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to another related but different topic—errors of counsel made on post-conviction review that cause the default of other claims—the general rule on procedural default is that

any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

The *Martinez v. Ryan* exception is applicable to permit the district court to hear procedurally defaulted claims of ineffective assistance of trial counsel, *id*. at 1320, and ineffective assistance of direct appeal counsel. *See Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). The exception has not been extended to other types of claims. *See Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to a defaulted *Brady* claim).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result

in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

A compelling showing of actual innocence can satisfy the fundamental miscarriage of justice exception to procedural default, allowing a court to review Petitioner's otherwise defaulted claims on their merits. *See Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). "Actual innocence" means a colorable showing that one is factually, not merely legally, innocent of the charges. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

To establish such a claim, a petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The evidence supporting the actual innocence claim must be "newly presented" evidence of actual innocence, meaning that "it was not introduced to the jury at trial"; it need not be "newly discovered," meaning that it could have been available to the defendant during his trial, though it was not presented to the jury. *Griffin v. Johnson*, 350 F.3d 956, 962–63 (9th Cir. 2013).

The petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006). The standard is demanding and permits review only in the "extraordinary" case. *Schlup*, 513 U.S. at 327 (citation omitted).

A habeas proceeding is not a proper forum in which to re-litigate an entire case that has already been tried. Instead, "[w]hen confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell*, 547 U.S. at 539. A persuasive claim of actual innocence must be based on new evidence that was not presented to the jury that is so compelling that the reviewing court must conclude that it is now probable that no rational juror would vote to convict the defendant. *See id.* at 538-39.

### B. Claims Proceeding on Merits

For any of Petitioner's claims that meet these procedural requirements and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit law may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). However, "circuit precedent may [not] be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S.Ct. 1446, 1450 (2013) (citations omitted).

# ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

2. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 3), with exhibits, together with a copy of this Order, on L.LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

3. Within **120 days** after entry of this Order, Respondent shall have the option of filing one of the following: (1) a motion to stay if Petitioner is still attempting to exhaust his claims in state court; (2) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (3) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first may adjudicate all procedurally proper claims, and second, for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

4. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues

presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

5. If the response to the habeas petition is an answer, Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

6. If the response to the habeas petition is a motion, Petitioner's response shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

7. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

8. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

9. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to

file a reply. If additional briefing is required on any issue, the Court will order it.

10. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

12. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

13. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

14. Warden Al Ramirez is substituted for the state of Idaho as the proper Respondent in this matter.

15. After this case was reassigned to this Court for lack of all parties' consent to the jurisdiction of a United States Magistrate Judge, Petitioner filed his consent. Therefore, the Court will reassign this case back to Judge Ronald E. Bush, United States Magistrate Judge.

DATED: October 29, 2019

_____
David C. Nye
Chief U.S. District Court Judge