UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>            Petitioner,<br><br>vs.<br><br>GREGORY GREERSON, DEPUTY MARSHAL BRISBEN, and RYAN REGIS,<br><br>            Respondents. | Case No. 1:20-cv-00056-REB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Bradley Wheeler filed a Petition for Writ of Habeas Corpus challenging his state court convictions and sentences. (Dkt. 1.) The Court now reviews the Petition to determine whether the claims are subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

### REVIEW OF PETITION

1. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine

**INITIAL REVIEW ORDER - 1**

whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

2. **Background**

Petitioner has filed multiple habeas corpus actions in the United States District Court for the District of Idaho. In addition to this action, the following cases are pending: Case No. 1:19-cv-00215-REB (Case 215); Case No. 1:19-cv-00371-DCN (Case 371); and Case No. 1:19-cv-00457-DCN (Case 457). For uniformity's sake, this most recent case will be referred to as Case 56.

In Case 215, Petitioner is challenging his convictions of aggravated battery on a law enforcement officer and being a persistent violator, arising from Canyon County Case No. CR-14-18-09228. He is proceeding on claims that (1) Deputy Regis—the victim of the battery crime of which Petitioner is conviction—attacked him, (2) Petitioner was denied camera footage of Deputy Regis stealing his property; (3) the state district court denied multiple motions for mistrials in his case; and (4) Petitioner's defense attorney failed to poll the jury. (*See* Dkt. 1, p. 7, in Case 215.)

In this action, Case, 56, it appears that he brings two additional claims challenging the persistent violator conviction, asserting that the conviction is based upon a complete fabrication and a lie." (Dkt. 1, p. 4, in Case 56.)

**INITIAL REVIEW ORDER - 2**

Petitioner's first claim challenges the first conviction that underlies the persistent violator conviction, which is an April 6, 2015 conviction for assault/battery on a law enforcement officer (different from the second such conviction that is the subject of Case 215). He alleges that discovery in Case CR14-18-09228 showed that Judge Christopher Nye presided over that case, but Petitioner asserts that he appeared before Judge Nye only in two probation violation charges that were dismissed for failure of the probation officer to appear, and that Petitioner has never been convicted of a crime in Judge Nye's court. (Dkt 1, p. 2.) Petitioner also alleges that "this case" (assumed to be Case CR14-18-09228) shows that he was convicted on April 6, 2015, but says that is not true because he was incarcerated on two convictions in Judge Southwick's court on that date. Petitioner asserts that "as a lying and manipulating judge he should be dismissed and lose his bar" (*Id*., p. 3 (verbatim).) It may be that Petitioner is referencing Judge Nye, but he is unclear about his reference.

Petitioner's second claim challenges a December 3, 2014, first degree stalking conviction that underlies the persistent violation conviction. He alleges:

> [T]his was supposedly stalking my own wife with the intent to kill her. To be honest she moved out in early July 2013 and I had absolutly no idea where she moved to or where she was or did I even really care just to be honest so there was absolutly no way I stalked her at all. When I submitted a request for discovery from the prosecution I asked for the date, the time, the location, and the supposed weapon and they never provided me any of that information.

(Dkt. 1, p. 3 (verbatim).)

**INITIAL REVIEW ORDER - 3**

3. **Discussion**

A petitioner is permitted to bring only one federal habeas corpus action challenging a particular judgment. Because Petitioner is already proceeding on a challenge to the persistent violator conviction in Case 215, he cannot also proceed in Case 56. The Court will consider the Petition filed in Case 56 to be a supplement to the Petition filed in Case 215.

At this time, Respondent's Motion for Summary Dismissal is pending before the Court in Case 215, asserting that Petitioner has never brought any of the claims he asserts in Case 215 in a proper manner before the Idaho Supreme Court. The same assertions apply to Petitioner's new claims in Case 56. The Court will consolidate Case 56 into Case 215 and order Petitioner to respond not only to Respondent's Motion for Summary Dismissal, but to this Order to show that he has properly exhausted his two persistent violator claims brought in this Case 56, if he is to be granted authorization to proceed. In his response, Petitioner should also show whether there is cause and prejudice to excuse the default of his claims, including providing affidavits, evidence, and documents in support of his arguments. If he asserts that he is actually innocent, he must also make those arguments, supported by affidavits, evidence, and documents, at that time.

4. **Standards of Law for Habeas Corpus Action**

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

**INITIAL REVIEW ORDER - 4**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that

**INITIAL REVIEW ORDER - 5**

the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. at 488. However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, Petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to another related but different topic—errors of counsel made on post-conviction review that cause the default of other claims—the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

The *Martinez v. Ryan* exception is applicable to permit the district court to hear procedurally defaulted claims of ineffective assistance of trial counsel, *id*. at 1320, and ineffective assistance of direct appeal counsel. *See Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). The exception has not been extended to other types of claims. *See Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to a defaulted *Brady* claim).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

A compelling showing of actual innocence can satisfy the fundamental miscarriage of justice exception to procedural default, allowing a court to review

**INITIAL REVIEW ORDER - 7**

Petitioner's otherwise defaulted claims on their merits. *See Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). "Actual innocence" means a colorable showing that one is factually, not merely legally, innocent of the charges. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

To establish such a claim, a petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The evidence supporting the actual innocence claim must be "newly presented" evidence of actual innocence, meaning that "it was not introduced to the jury at trial"; it need not be "newly discovered," meaning that it could have been available to the defendant during his trial, though it was not presented to the jury. *Griffin v. Johnson*, 350 F.3d 956, 962–63 (9th Cir. 2013).

The petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006). The standard is demanding and permits review only in the "extraordinary" case. *Schlup*, 513 U.S. at 327 (citation omitted).

A habeas proceeding is not a proper forum in which to re-litigate an entire case that has already been tried. Instead, "[w]hen confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell*, 547 U.S. at 539. A persuasive claim of actual innocence must be based on new evidence that was not presented to the

**INITIAL REVIEW ORDER - 8**

jury that is so compelling that the reviewing court must conclude that it is now probable that no rational juror would vote to convict the defendant. *See id.* at 538-39.

## ORDER

**IT IS ORDERED:**

1. This case shall be consolidated into Case No. 1:19-cv-00215-REB as a member case, and Case No. 1:19-cv-00215-REB shall be the lead case.

2. The Petition in this matter shall be considered a supplement to the Petition in Case No. 1:19-cv-00215-REB.

3. The Clerk of Court shall send a copy of this Order to L. LaMont Anderson, Deputy Attorney General for the state of Idaho, via the ECF system.

4. Within **30 days** after entry of this Order, Petitioner shall file a response to this Order showing that he has properly exhausted the two persistent violator claims brought in the Petition in this action, which is being considered as a supplemental petition to the original Petition brought in Case 125. If he intends to make a cause and prejudice, or actual innocence, argument to attempt to excuse the default of his claims, he must do so in the same response, providing supporting affidavits, evidence, and documents at that time. Failure to file a response to the Motion for Summary Dismissal or this Order will result in dismissal of Petitioner's claims without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

5. Respondent may file a reply in due course, if desired.

**INITIAL REVIEW ORDER - 9**

DATED: May 1, 2020



*[signature]*

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**INITIAL REVIEW ORDER - 10**