UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>    Petitioner,<br><br>vs.<br><br>AL RAMIREZ,<br><br>    Respondent.<br><br>BRADLEY WHEELER,<br><br>    Petitioner,<br><br>vs.<br><br>GREG GREGORSON, DEPUTY MARSHAL BREISBEN, SHERIFF DONAHUE, and RYAN REGIS,<br><br>    Respondents. | Case No. 1:19-cv-00215-BLW (lead)<br>Case No. 1:20-cv-00056-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

  This case was reassigned to this Court for lack of all parties' consent to the jurisdiction of a United States Magistrate Judge. (Dkt. 23.) Petitioner Bradley Wheeler filed two Petitions for Writ of Habeas Corpus challenging his state court conviction and

MEMORANDUM DECISION AND ORDER - 1

sentences (including a sentencing enhancement), which are consolidated into this action.[1] In March 2020, Respondent Al Ramirez filed a Motion for Summary Dismissal of Plaintiff's claims in the lead case, Case No. 1:19-cv-00215-REB, prior to consolidation. (Dkt. 16.) The Motion in the lead case is now ripe for adjudication. (*See* Dkts. 16, 18, 19.)

Having reviewed the parties' filings and the state court record, the Court enters the following Order dismissing one case and permitting the other to proceed to the next stage of litigation.

### I. Case No. 1:19-cv-00215-BLW

### BACKGROUND

In 2018, in a criminal action in the Fifth Judicial District Court in Canyon County, Idaho, Petitioner was convicted by jury of battery on a jail deputy and of being a persistent violator. He was sentenced to a term of incarceration of fifteen years, with the first five years fixed.

Petitioner filed a Rule 35 motion to reduce his sentence, which was denied. He filed a direct appeal of his sentence and of denial of the Rule 35 motion. The Idaho Court of Appeals affirmed his sentence on appeal, and the Idaho Supreme Court denied his petition for review. (*See* State's Lodgings A-1 to B-6; Dkts. 18, 19.)

---

[1] A third habeas corpus action that appears to challenge the same conviction and sentences is pending before United States Magistrate Candy W. Dale in Case No. 1:19-cv-00457-CWD, *Wheeler v. Al Ramirez, the state of Idaho, and the Prison Paralegals*.

On January 30, 2019 (mailbox rule date), Petitioner filed a state post-conviction action in state court, raising three claims: (1) Ryan Regis, the victim, a sheriff's deputy who worked at the Canyon County Jail, attacked him in his cell and stole all of his property from his property bin; (2) the trial judge failed to grant three requests for mistrial; and (3) the prosecution contended during the criminal action that the video footage of the victim stealing his property was unavailable because it had been erased, but Deputy Tipton told Petitioner it was impossible to erase the footage. Petitioner's post-conviction petition was denied after he was provided with counsel and an opportunity to respond to the state district court's notice of intent to dismiss. Petitioner did not file an appeal. (*See* State's Lodgings C-1 to C-10.)

Petitioner filed his Petition for Writ of Habeas Corpus in this action on June 10, 2019. In federal court, he brings three claims similar to those he presented on state post-conviction review. He also brings a fourth claim that trial counsel failed to poll the jury (which, he believes, would have revealed that some of the jurors did not agree with the guilty verdict, because, while Petitioner was testifying, several jurors told him not to worry, because he was completely innocent).

**PROCEDURAL DEFAULT GROUNDS**

1. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review a habeas corpus petition to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the

default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray*, 477 U.S. at 488. However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, Petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to another related but different topic—errors of counsel made on post-conviction review that cause the default of other claims—the general rule on procedural

**MEMORANDUM DECISION AND ORDER - 5**

default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

The *Martinez v. Ryan* exception is applicable to permit the district court to hear procedurally defaulted claims of ineffective assistance of trial counsel, *id*. at 17, and ineffective assistance of direct appeal counsel. *See Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). The exception has not been extended to other types of claims. *See Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to a defaulted *Brady* claim).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will

result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

A compelling showing of actual innocence can satisfy the fundamental miscarriage of justice exception to procedural default, allowing a court to review Petitioner's otherwise defaulted claims on their merits. *See Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). "Actual innocence" means a colorable showing that one is factually, not merely legally, innocent of the charges. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

To establish such a claim, a petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The evidence supporting the actual innocence claim must be "newly presented" evidence of actual innocence, meaning that "it was not introduced to the jury at trial"; it need not be "newly discovered," meaning that it could have been available to the defendant during his trial, though it was not presented to the jury. *Griffin v. Johnson*, 350 F.3d 956, 962–63 (9th Cir. 2013).

The petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006). The standard is demanding and permits review only in the "extraordinary" case. *Schlup*, 513 U.S. at 327 (citation omitted).

**MEMORANDUM DECISION AND ORDER - 7**

A habeas proceeding is not a proper forum in which to re-litigate an entire case that has already been tried. Instead, "[w]hen confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell*, 547 U.S. at 539. A persuasive claim of actual innocence must be based on new evidence that was not presented to the jury that is so compelling that the reviewing court must conclude that it is now probable that no rational juror would vote to convict the defendant. *See id.* at 538-39.

2. Discussion

The procedural default showing in this case is very straightforward. As to the claims in Petitioner's state post-conviction action—which nearly mirror the first three claims that he brings in this habeas corpus action—he did not file an appeal at all. The fourth claim in this action was never presented to the state courts. Petitioner's assertion that he filed a petition for review with the Idaho Supreme Court *on his state law excessive sentence claim* is irrelevant to the procedural default of his other unrelated claims that are the subject of this action. Therefore, the Court concludes that all four claims are procedurally defaulted because the proper time to present the claims to the Idaho Supreme Court has expired.

The Court now turns to the question of whether Petitioner can show cause and prejudice or actual innocence to excuse the default of his claims. Petitioner argues that, because the victim of the crime was also the sole investigator of the crime and the sheriff refused to cooperate with the FBI to do an external investigation, the default of

Petitioner's claims in this action should be excused. "Cause," however, must be a showing that there was some good reason that *prevented Petitioner from bringing his claim before the state courts* to achieve proper exhaustion. How the county jail performed the investigation of the crime is not relevant to why Petitioner did not bring this claim in a proper procedural posture to the Idaho Supreme Court.

Petitioner next asserts as "cause" that the predicate felonies underlying the persistent violator charges were false or incorrect. However, again, that has nothing to do with why Petitioner did not properly exhaust his four claims in the Idaho state court system, including the Idaho Supreme Court.

Finally, Petitioner asserts that he is actually innocent. He asserts that a jail video camera recording would have revealed that the deputy sheriff victim attacked him and stole his property. For the following reasons, the Court concludes that Petitioner has not met the high threshold for a showing of actual innocence.

It is important to note that this case involves two videos. One is a video of the confrontation, which was produced to Petitioner and shown to the jury at trial. (State's Lodging A-4, p. 269, *et seq.*) Another is an alleged video of the deputy taking Petitioner's property, which occurred after the confrontation, which was never produced.

During the course of the criminal pretrial proceedings, Petitioner filed a pro se motion to compel seeking the second video showing the deputy taking Petitioner's personal property from his cell. (State's Lodging A-1, pp. 103-04.) Petitioner was appointed counsel, and the state district court held a hearing on the motion to compel. At the hearing, the State explained that the jail video footage is normally recorded-over

**MEMORANDUM DECISION AND ORDER - 9**

within a period of weeks to a month, depending on the camera. (*Id*., pp. 111-13.) The trial court concluded: "The video no longer exists. There's nothing at this point that I can compel the State to produce." (*Id*., p. 115.)

On post-conviction review, Petitioner raised this issue again. He asserted that a jail employee named "Deputy Tipton" said it was impossible to erase the jail video. The post-conviction court rejected Petitioner's contention as inadmissible hearsay. Petitioner did not produce in that action (nor has he produced in this action) an affidavit from Tipton; nor did Petitioner call Tipton to testify at the post-conviction hearing regarding the video. Therefore, no admissible evidence exists to support the inference that jail staff purposely erased a video of the deputy stealing Petitioner's personal property.

Petitioner had opportunity to present the facts underlying his claim of innocence as a defense at his three-day jury trial. The state court record reflects that Petitioner testified that the deputy came into his cell while Petitioner was lying on his bed. As soon as Petitioner starting standing up, the deputy attacked him—he described it as "just boom, bam, bam, bam, just, I mean, that fast. Everything went completely black (indicating). It happened so fast. I couldn't even believe it. It just was just, just a complete attack on me." (State's Lodging A-4, p. 461; *see* pp. 462-464.)

The deputy, on the other hand, testified that Petitioner's common practice at "head count" was "not to come to the door, not show his wristband, [and] not to comply with directives specifically during head count." (Id., p. 272.) The video of the incident showed the deputy enter Petitioner's cell, point toward Petitioner's shelf where he kept shampoo and toilet paper, take a step back, and then forcefully push Petitioner onto his bunk. (*Id*.,

**MEMORANDUM DECISION AND ORDER - 10**

pp. 273-78.) The deputy explained that Petitioner had two bottles of jail-issued shampoo, which was against the rules. (*Id.*, p. 261-62.) Each inmate is issued one bottle of shampoo, and if they possess more than one, it is assumed that it was obtained through bartering or lending, which are against jail regulations. (*Id.*, pp. 264-66.)

Because the jury watched the video of the incident and afterward found Petitioner guilty, it obviously did not believe that the deputy "attacked" Petitioner, but that the deputy used reasonable force for a legitimate penological reason. At sentencing, the state district judge observed: "All 12 jurors were convinced that you did strike Mr. Regis, Officer Regis. That was also clear to me from the testimony at trial as well as the video." (*Id.*, p. 832.)

To show actual innocence here, Petitioner must show that something *new or additional* exists that the jury did not consider. Petitioner contends that the "something new" is the second video showing the deputy stealing his personal property.

On post-conviction review, the state district court determined not only that the alleged statement of Deputy Tipton about intentional destruction of the second video was inadmissible hearsay, but that the alleged second video was immaterial to the substance of Petitioner's claims:

> In this post-conviction case, Petitioner has also failed to allege materiality of the video he claims shows Deputy Regis stealing his property. He claims that this theft occurred after the altercation in his jail cell. Petitioner has not alleged how a subsequent theft of his property in any way relates to the question of guilt or degree of punishment for the battery he committed against Deputy Regis.

(State's Lodging C-7, p. 7.)

**MEMORANDUM DECISION AND ORDER - 11**

This Court agrees that, even if the missing video shows the deputy taking Petitioner's property, that act occurred after the confrontation and, therefore, it does not show who was the aggressor in the confrontation (which was the subject of the first video that *was* shown to the jury). Further, even if the video existed and showed the deputy taking Petitioner's property, the context of the taking, as demonstrated at trial, was that Petitioner's questionable items were taken as contraband. Petitioner has not made the required showing that, in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he was convicted.

### 3. Conclusion

Petitioner's four claims are procedurally defaulted. He has not shown cause and prejudice or actual innocence to excuse the default of his claims. The Court's independent review of the state court record does not reflect any reason to apply cause and prejudice or a miscarriage of justice to excuse the default of his claims. Accordingly, the Petition in Case No. 1:19-cv-00215-BLW will be dismissed with prejudice.

### II. Case No. 1:20-cv-00056-BLW

Petitioner challenges the basis for his persistent violator conviction in his second habeas case. However, he has not shown that he properly exhausted these claims in state court. The Court will provide Petitioner with an opportunity to file a response to this

**MEMORANDUM DECISION AND ORDER - 12**

Order showing cause and prejudice or a miscarriage of justice as to the persistent violator enhancement.

Respondent will be ordered to provide the underlying state court record documents that support the felonies upon which the persistent violator enhancement is based, such as State's trial exhibits 4 and 8 (*see* State's Lodging A-4, pp. 762, *et seq.*), along with any reply to Petitioner's response. Petitioner may file a brief sur-reply. The Court will then consider the procedural default issue fully briefed, and no further documents shall be filed until the Court issues a ruling.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motions for Extension of Time to File Answer or Pre-Answer Motion (Dkts. 13, 15) are GRANTED.

2. Respondent's Motion for Summary Dismissal (Dkt. 16) in Lead Case No. 1:19-cv-000215-BLW is GRANTED.

3. Petitioner must file a response to this Order regarding the persistent violator enhancement that is the subject of Member Case No. 1:20-cv-00056-BLW no later than **30 days** after entry of this Order.

4. Respondent must file the underlying state court record documents that support the felonies upon which the persistent violator enhancement is based, along with any

**MEMORANDUM DECISION AND ORDER - 13**

argument in reply to Petitioner's response no later than **21 days** after Petitioner files his response.

5. Petitioner may file a sur-reply, if needed, to rebut any arguments in Respondent's reply, no later than **14 days** after Respondent files his reply.

6. Nothing further shall be filed in this matter until the Court issues a ruling on the persistent violator claim.

DATED: August 18, 2020

B. Lynn Winmill
U.S. District Court Judge