UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>JAY CHRISTENSEN,[1]<br><br>　　　　　Respondent. | Case No. 1:19-cv-00215-BLW (lead)<br>Case No. 1:20-cv-00056-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |
| BRADLEY WHEELER,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>GREG GREGORSON, DEPUTY MARSHAL BREISBEN, SHERIFF DONAHUE, and RYAN REGIS,<br><br>　　　　　Respondents. | |

　　　Earlier in this consolidated habeas corpus case, the Court granted Respondent Al Ramirez's Motion for Summary Dismissal in Lead Case No. 1:19-cv-00215-BLW, and

---

[1] Jay Christensen, Petitioner's current custodian, has been substituted in as Respondent for Petitioner's former custodian, Al Ramirez. (*See* Dkt. 27.)

**MEMORANDUM DECISION AND ORDER - 1**

ordered Respondent and Petitioner Bradley Wheeler to provide briefing regarding the remaining persistent violator issue in Member Case No. 1:20-cv-00056-BLW.

Petitioner challenges the basis for his state persistent violator conviction in Case No. 1:20-cv-00056-BLW. The Court earlier concluded that Petitioner did not show that he properly exhausted this in state court, but that Petitioner could proceed to the merits if he showed cause and prejudice or a miscarriage of justice as to the persistent violator enhancement.

Respondent has provided the underlying state court records that support the felonies upon which the persistent violator enhancement is based. (*See* State's Lodgings D-1 to E-5 in Dkt. 26.) Petitioner has filed his Response with exhibits, and Respondent has filed his Reply. (Dkts. 26, 27.)

Petitioner asserts:

> The persistent violator charges or cases that led to the charge or found I had no case at all before Judge Nye and the dates of both cases I was in prison in Unit 1b on a violated plea agreement in front of Judge Southworth so I was not physically able to even be present at either trial or conviction or sentencing. These are fraud!

(Dkt. 25, p. 3.)

The two convictions underlying Wheeler's persistent violator enhancement are from Canyon County Case No. CR-2014-24637-C, assault/battery on a correctional officer, conviction (4/6/15) and Canyon County Case No. CR-2013-21628-C, stalking in the first degree (12/3/14). (State's Lodgings A-1, pp. 35-37 (Information Part II, CR14-18-09228); A-5, pp. 2-4, 7-9 (Judgments and Commitments).) As a result of these two

**MEMORANDUM DECISION AND ORDER - 2**

prior convictions and his conviction in Canyon County Case No. CR14-18-09228, Petitioner was convicted of a persistent violator enhancement.

The state court record in Canyon County Case No. CR-2014-24637-C reflects that Petitioner completed a Guilty Plea Advisory Form, writing responses to the various provisions, initialing his answers, and signing and dating it on April 3, 2015, the same day it was filed with the court. (State's Lodging E-3.) The record also reflects that Petitioner was "present in court with counsel" Richard Tuha on April 3, 2015, when he pleaded guilty to, and was sentenced for, assault/battery on a correctional officer, before Third Judicial District Court Judge Christopher S. Nye. (State's Lodgings A-5, pp. 2-4; E-2.)

The Court Minutes for the proceeding before Judge Nye on April 3, 2015, state:

> **The Court read the Information in CR-2014-0024637-C and in answer to the Court's inquiry; the defendant entered a plea of guilty to the Assault/Battery on Correctional Officer.**
>
> The defendant stated in his own words what he did to be guilty of the offenses charged, and the Court examined the defendant regarding the crimes and his plea to the same.
>
> The defendant indicated the plea of guilty was made freely, voluntarily, knowingly, and intentionally.

(State's Lodging E-2, pp.4-5 (emphasis original).)

Petitioner has not brought forward any evidence contradicting the state court record. For example, if he had not been in court with his counsel on that date, he could have obtained an affidavit from Mr. Tuha. Petitioner's assertion that he had been taken into custody months before, on November 15, 2014, for a "violated plea agreement" is

**MEMORANDUM DECISION AND ORDER - 3**

not inconsistent with Petitioner appearing in court on April 3, 2015. Based on the state court record and the federal court record, this Court concludes that Petitioner was present in court with Judge Christopher S. Nye on April 3, 2015, when he pled guilty to assault/battery on a correctional officer, and was sentenced for that crime in Case No. CR-2014-24637-C. Therefore, the judgment and conviction in that case properly form part of the basis of his persistent violator enhancement in Case No. CR-14-18-9228.

Similarly, the state court record in Case No. CR-2013-21638-C, shows that Petitioner completed and signed a Guilty Plea Advisory Form (State's Lodging D-3) and was "personally present with Mr. Tuha on September 3, 2014" at a change of plea hearing before Third Judicial District Court Judge George A. Southworth. (State's Lodging D-2, pp. 1-3.) On that day, Petitioner was sworn in by the clerk prior to his testimony at the hearing. Petitioner testified that "his answers [on the Guilty Plea Advisory Form] were truthful and correct," and acknowledged that he entered a plea of guilty to stalking in the first degree in exchange for dismissal of a misdemeanor charge and a recommendation of probation. *Id*. The court "examined" Petitioner on that date. *Id*., pp. 3-4. After Mr. Tuha "indicated he was satisfied there was a factual basis for the plea of guilty[,]" Petitioner "was remanded into the custody of the Canyon County Sheriff" to await sentencing. (State's Lodging D-2, pp. 1-5.)

In conjunction with Petitioner's guilty plea to the felony stalking charge, on November 25, 2014, Petitioner was sentenced for that crime by Judge Southworth. (State's Lodging D-5, pp. 27-28.) The record again reflects that Petitioner was

"personally present with counsel" Mr. Tuha. (*See* Dkt. 27-1, "Court Minute," p. 1.) Petitioner made a statement on his own behalf in open court on that date. (*Id.*, p. 4.)

Petitioner's final judgment of conviction and order of retained jurisdiction were entered on December 3, 2014. This was not a court hearing, but entry of a written judgment and order.

There is no evidence whatsoever that Petitioner and his counsel did not appear in state court on September 3, 2014, and November 25, 2014, as reflected in the state court record. It appears that Petitioner may be mixing up the dates the written judgments of conviction were signed and entered on the docket with the dates he appeared in Court prior to entry of the judgments of conviction. For example, in his second case, he asserts that he was already in prison "when the supposed conviction took place." While it is true that he was already in prison when his judgment of conviction was signed and docketed, it is also true that he personally appeared and pleaded guilty, and personally appeared, testified, and was sentenced on the dates noted above.

Based upon the expansion of the record and the parties' briefing, the Court finds and concludes that Petitioner has no factual basis for his assertion that the felony convictions underlying his persistent violator conviction were invalid because he was not present at the hearings on the underlying matters, or for any other reason apparent from the record. Therefore, the Court denies and dismisses these claims, which disposes of the remaining claims in the case. Therefore, judgment will be entered in this consolidated case, and the case will be closed.

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

**IT IS ORDERED:**

1. Petitioner's Petition in Member Case No. 1:20-cv-00056-BLW is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: December 3, 2020

B. Lynn Winmill
U.S. District Court Judge